Henry G. Smith, J.,
delivered the opinion of the Court.
BILL TO REDEEM, ETC.
On the 6th day of February, 1857, Sarah C. Law sold and conveyed to Win. Walker, by deed of that date, three lots of land near Memphis. Walker joined in the execution of the deed by signing it. The deed recites and declares, that Walker executed his several promissory notes for the purchase money, falling due at successive dates; and “for the security and prompt payment of which, the said Law retains an express lien on the lots, with authority and power on behalf of herself, or any assignee of said notes, in. case of their non-payment at maturity, to sell said lots to the highest bidder, for cash at public auction, on the premises, having first advertised etc., and to execute to the purchaser at said sale, a deed in fee simple, free from any and all right or equity of redemption, which is hereby expressly waived, etc.” Three of the notes having fallen due and remaining unpaid, Law sold and conveyed the lots to John H. Rawlings, for $1,163. The sale was made at public *426 auction, and otherwise in conformity with the mode prescribed in the original deed, unless it be a material variance, that the auction took place in the absence of Law, and was conducted by one Southwick, whom she had employed and authorized for the purpose. On the 23d day of April, 1858, Eawlings sold and conveyed the lots to Niles Merriweather for valuable consideration.
On the 5th day of March, 1858, one Miltenberger, recovered in the Law Court of Memphis,, against Walker, judgment for $4,909. Execution issued upon this judgment which, was returned nulla bona. On the — day of February, 1859, Miltenberger assigned the judgment to John B. Hill. On the 3d day of November, 1859, Hill tendered to Merriweather $1,500, and demanded to redeem the lots. Merriweather refused to receive the money, and denied the right of Hill to redeem.
Thereupon, November 11, 1859, Hill exhibited this bill against Walker, Law and Merriweather, setting forth facts recited above, . and alleging that the sale made by Law to Eawlings, was irregular and void. The bill prayed that the sale by Law to Eawlings, might be avoided, and the land subjected to the payment of the judgment debt; or if it should appear that the sale was regular and valid, that the complainant’s statutory right of redemption might be enforced .against Merriweather.
In his bill, Hill alleged, “that on the 3d day of November, 1859, he did, in Memphis, tender to said Niles Merriweather, the sum of $1,500,” “and then and *427 there requested of said Merriweather, to be permitted, as judgment creditor of said "Walker, to redeem said land from the sale of March 20, 1858; and offered to credit said Walker with the whole amount of said judgment; but the said Merriweather refused to accept said money, or to permit the complainant so to redeem.” The answer of Merriweather says: “Complainant did make the tender alleged in his bill, which was refused by defendant.” As to the alleged offer to credit Walker with the whole amount of the judgment debt, no response is made in the answer of, the defendants, nor was any proof made by testimony.
Much other matter is contained in the pleadings and proof in this case, and many questions arising upon such matter, have been discussed. But the facts recited above, are all which are thought necessary to be set forth in order to the proper understanding of the principles upon which the decision of the cause will rest.
It was ruled in the case of Cherry, etc., vs. Bowen, 5 Head, 415, in respect of deeds in trust made before the Act of 1858, chapter 46, that, the waiver contained in such deed, of the statutory right to redeem, in case of sale under the power in the deed, was ineffectual to bar the right of the grantor to redeem. Whether the ruling declared in that case was correct or not, the Court does not think it necessary to consider. Grave doubt is felt of its correctness. The decision of the present case, may be put on grounds not affected by the rule declared in that case.
Hor is i&' necessary now to decide, whether the lien *428 and power’ created and conferred by tbe terms of tbe present deed, are of tbe nature of a mortgage with power of sale, and of consequence the land subject to tbe statutory right of redemption. The decision to be made, concedes that tbe deed has tbe character of a mortgage with power of sale. At tbe same time it is to be understood, that while the Court inclines to give it such character, no decisive opinion to the point is meant to be expressed.
To enable a creditor to redeem, the statute exacts that he shall pay, or tender, to the purchaser or holder of the land, the amount of money lawfully paid by him, with interest thereon; and shall also pay to the debtor, or credit his debt, with a sum equal to ten per cent, or more, on the sum bid at the original sale. Such is the Code, and was the Act of 1842, chapter 6, sections 9. and 3. In this respect, the Code and the Act of 1842, are of similar import. It is not material, therefore, whether the mode of redeeming proper in the present case, be held to be governed by the Act or by the Code. Under either, it is requisite that the creditor proposing to redeem from the purchaser, shall pay to him the lawful amount, and shall also pay to the debtor or credit his debt, with a sum equal to ten per cent, or more, on the sum bid at the original sale.
The law exacts strict compliance with the terms prescribed by the statute; otherwise, the right to redeem cannot be enforced. A current of decisions, has firmly settled this rule. Unless the terms prescribed by the statute be strictly pursued, the right to redeem *429 is not acquired: M. & Y., 90; 10 Yerg., 133, 136; 4 Humph., 325; 5 Humph., 389; 3 Head, 686; 8 Yerg., 242; 1 Cold., 215.
In the case in hand, one of the essential terms is not shown to have been performed. It is not made to appear, by the pleadings or the proofs, that Hill either paid to Walker ten per cent, or more, on the sum bid at the original sale, or that he credited the judgment debt with a sum equal to ten per cent, or more, on the sum bid at the original sale. The pleadings do not show any such credit given or offered. The bill alleges that Hill tendered to Merriweather the requisite amount demandable by him, and that he (Hill) offered to credit upon the judgment its whole amount. Merriweather answers, that Hill made the tender alleged in the bill, but makes no response to the allegation that Hill offered to credit Walker with the whole amount of the judgment debt. The rule of pleading in Chancery, is familiar, that an allegation in the bill not responded to in the answer, must be established by proof; otherwise, it will not be taken to be true. No proof being made of the alleged offer to credit, it cannot be taken that such offer was made, or credit in fact given.
It is urged, however, that the purchaser has no concern with the giving of the credit to the debtor, and therefore cannot make the omission of the credit an objection to the redemption. Certainly it is not a matter of interest to the purchaser, whether the debt of the debtor be abated by the credit or not. But it is a matter of "interest to the debtor, that the credit be given. And to make sure that it be given, the law *430 wisely prescribes, that, unless it be done, tbe right to redeem cannot be acquired, and will not be enforced. It is exacted for the benefit of the debtor; and is enforced by means of the inability of the creditor to obtain the land for his benefit, unless he also give the benefit of the credit to the debtor.
It is not our purpose now, to lay down any precise rule as to the mode in which the credit must be given. The Code prescribes the mode in some cases, but not generally. A creditor who purchases or redeems, has twenty days after his purchase or redemption, in which he is allowed to advance his bid or the amount paid by him to redeem. Such advance, of course, operates a credit to the debtor, or discharge, to .the extent of the debt. It is required to be made or evidenced by the deposit of a receipt in the Clerk’s office, if the sale of land be under judgment or decree; and if the sale be under a mortgage or deed in trust, by the registration in the Register’s office of the county wherein the land lies, of a receipt for the advance, acknowledged before the Clerk of the County Court, and certified for registration. We are not prepared to say, that a like mode is requisite, of expressing and evidencing the credit on the debt, made by the creditor, at the time of redeeming from a purchaser. Some positive act, however, is necessary. It cannot be left to rest unknown in the bosom of the creditor. It must be ascertained and expressed in some manner, and that capable of proof or disproof. Otherwise, the enactment which requires positive proof of an advance within twenty days, would be general *431 ly nugatory. A creditor Raying redeemed, is authorized within twenty days from the day of redeeming, to advance upon the land, any further amount of his debt that he may think proper; and if he do not make such advance within the time, he can hold the land against the debtor, or another creditor offering to redeem, subject only to such amount, as he paid or credited at the time of his purchasing or redeeming. ISTow, if the creditor who redeems, be not required to indicate by positive act, at the time of redeeming, the amount of credit he gives upon his debt, that amount rests in his knowledge only, and may be enlarged or diminished as subsequent exigencies or interests may induce, subject only to the restraint of his own conscience ; and thus he may obtain the benefit of an advance, without having actually made the advance, and furnished the public evidence of it required by the law.
And without such positive act of crediting, fraud may be easily worked, and without check, upon the debtor, or another creditor wishing to redeem. What amount rests on the land, is known only to the creditor who holds it. Whether his debt be paid, or to wThat extent, the debtor has no means of knowing, other than as the creditor holding the land may think fit to inform him. What amount of money will be required to redeem the land, the debtor or another creditor wishing to redeem, can only .know, as the creditor holding the land may find it his interest to state at the time.
*432 It must therefore, be held, that a creditor proposing to redeem, mpst not only give the credit, but must do this by some positive act; and if the credit be not given and proved, the right to redeem is not acquired. The actual giving the credit, is a condition precedent to the existence of the equity to enforce redemption.
Whether such positive act will suffice if it fall short of the receipt filed in the office of the Clerk or Register, prescribed in the case of an advance, it is not necessary now to decide. Such course is the better and safer. Reasons are obvious, wherefore the credit given, ought to be evidenced with the same publicity and certainty, as in respect of an advance.
The sale and conveyance to Rawlings are not invalid by reason of the fact that the auction was conducted by Southwick in the absence of Law. South-wick was employed by her for the purpose. The deed of conveyance was executed by her. The power to sell, conferred upon her by the original deed, is a power coupled with an interest. Her lien upon the land, created by contract, gave her an interest in the land. An interest in the subject, upon which the power is to operate, gives to the power, the character of a power coupled with an interest: 2 Washb. Real Prop., 198; 8 Gill, 403; 9 Grattan, 584. Moreover, the power given to Law, has nothing of personal trust or confidence qualifying it. The deed authorizes the power to, be executed not only by Law, but by any assignee of the purchase notes. This clearly indicates that no per *433 sonal trust or confidence was reposed in the. donee of the power. Any person unknown to Walker, the donor of the power, might become the assignee of the notes, and thus any unknown person become the donee of the power. And ñirther, the original donee of the power was a woman; and it may well be presumed, that it was not intended or expected that she would conduct a public auction. On the contrary, it may be presumed that it was expected and intended that the auction might be conducted by a person competent and suitable to that kind of business. The sale is not vitiated because the auction was conducted by Southwick: Sto. Ag., s. 15, n. 6; Lewin Trusts, 321; Tiff. & Bullard on Trusts, 537; 4 Littell, 392.
The views thus taken, ascertain and decide the result. It is, therefore, needless to consider the numerous questions discussed at the bar, which appertain to other aspects of the case.
Reverse the decree of the Chancellor and dismiss the bill.